**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**JOSE V. MEDRANO,**

       Plaintiff,

vs.

**HERSHA HOSPITALITY**
**MANAGEMENT, L.P.,**

       Defendant.

Civil Action No.

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff JOSE V. MEDRANO ("Plaintiff" or "Medrano"), on behalf of himself and all others similarly situated, by and through his attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendant, HERSHA HOSPITALITY MANAGEMENT L.P., ( "Defendant") and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*. *seq*. ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2.    As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiff and all other similarly situated employees for their overtime hours worked based

upon their unlawful policies and practices. Defendant failed to pay Plaintiff and others similarly situated for some of their hours worked in excess of forty (40) hours per work week at a time and a half rate of pay in direct violation of the FLSA and applicable state laws of the State of New York.

3.      Plaintiff has retained the law offices of Jaffe Glenn Law Group, P.A., to represent him in this matter.

4.      Plaintiff worked for Defendant as a non-exempt cleaner/maintenance worker in and about New York from in or about 2010, through in or about May, 2013.

5.      Defendant, Hersha Hospitality Management is a corporation organized under the laws of the State of New York, with an address for service of process located at 80 State street, Albany, NY 12207-2543.

6.      Upon information and belief, at all times relevant to this Complaint, the corporate defendants are in the commercial cleaning and hospitality business.

7.      Upon information and belief, at all times relevant to this Complaint, the corporate Defendant employs individuals to perform labor, such as commercial hosting and maintenance laborers, on their behalf.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and under 29 U.S.C. § 201, *et. seq.*

9.      This Court has supplemental jurisdiction over Plaintiff's NYLL claims because those claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

10.     Venue is proper in the district of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this

district, and the Defendant is subject to personal jurisdiction in this district. At all times material hereto, Plaintiff performed non-exempt duties for the Defendant based out of Albany, NY, within the jurisdiction and venue of this Court.

11.     Upon information and belief, at all times relevant to this Complaint, the corporate Defendant was and are an "enterprise engaged in commerce" or in the production of interstate goods for commerce as defined under the Fair Labor Standards Act, 29 U.S.C. §§ 203(r) and 203(s).

12.     Upon information and belief, at all times relevant to this Complaint, the corporate Defendant's annual gross volume of sales made or business done was not less than approximately $500,000.00.

13.     Defendant is within the personal jurisdiction and venue of this Court. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

14.     Throughout the relevant period, Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA and the NYLL. Defendant has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

15.     Defendant is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## FLSA COLLECTIVE ACTION FACTS

16.     Plaintiff brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated – non-exempt maintenance workers– who worked in furtherance of Defendant's commercial maintenance business, on or after July 25, 2011 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

17.     All of the work that Plaintiff and the FLSA Collective Plaintiffs have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and FLSA Collective Plaintiffs have performed.

18.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern practice, and/or policy of violating the FLSA with respect to Plaintiff and FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to willfully failing to Plaintiff and FLSA Collective Plaintiffs overtime wages for all of the hours that they worked in excess of forty (40) hours per workweek.

19.     Defendants are aware of should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of forty (40) per workweek.

20.     Plaintiff and FLSA Collective Plaintiffs all perform or performed similar duties and were all compensated the same rate for each and every work week, regardless of the hours worked.

21.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FACTS

22.     From in or about 2010, through in or about May, 2013, Plaintiff worked for Defendant's commercial hosting and maintenance business as a laborer.

23.     Plaintiff was scheduled to work in excess of forty (40) hours per workweek.

24.     Plaintiff's duties included commercial hosting and maintenance on behalf of Defendants.

25.     Plaintiff was scheduled to work seven (5) days per workweek.

26.     Plaintiff routinely worked on average between forty (40) to sixty (60) hours per week on behalf of Defendant, but was not fully compensated at a time and one half  rate for all of his hours worked in excess of forty (40) hours per work week.

27.     Plaintiff was paid an hourly rate, but was paid straight time for overtime hours. Plaintiff was not fully compensated at one and one-half times his regular rate of pay for all of his hours worked in excess of forty (40) hours per workweek.

28.     During the employment of Plaintiff by Defendant, other laborers employed by Defendant were paid in a similar manner as Plaintiff, and their working schedules were also similar.

29.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

30.     At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

31.     At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and FLSA Collective Plaintiffs, performed services and labor for Defendant for which Defendant made no

provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

32.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

33.     Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

34.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

35.     At all relevant times, plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

36.     The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

37.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38.      At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

39.     Defendant has failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

40.     Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

41.     Because Defendant's violations of the FLSA have been willful, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq*.

43.     As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

<u>**COUNT II**</u>
<u>**RECOVERY OF OVERTIME COMPENSATION**</u>
<u>**PURSUANT TO THE NYLL**</u>

44.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

45.     Plaintiff brings this Cause of Action, pursuant to the NYLL, on behalf of himself and all other persons similarly situated – non-exempt commercial maintenance workers – who

worked in furtherance of Defendant's commercial maintenance business, on or after July 25, 2008 (six years before the filing of the Complaint in this case).

46. Defendant engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action complaint.

47. At all relevant times, Plaintiff, and others similarly situated to Plaintiff, were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

48. Plaintiff and those similarly situated employees are covered by the NYLL.

49. Defendant failed to pay Plaintiff and employees similarly situated all of the overtime wages to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

50. Defendant has failed to pay Plaintiff and those similarly situated employees all of their overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

51. Plaintiff and similarly situated employees regularly worked between twenty (20) and forty (40) hours in excess of (40) hours each and every work week, excluding those weeks Plaintiff and similarly situated employees were on vacation or sick.

52. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and employees similarly situated to Plaintiff.

53. Defendant's violations of the NYLL, as described in this Collective Action Complaint, have been willful and intentional.

54. Due to Defendant's violations of the NYLL, Plaintiff and similarly situated employees are entitled to recover from Defendant unpaid overtime, reasonable attorneys' fees

and costs of the action, liquidated damages as provided for by NYLL Article 6, § 198, and pre-judgment and post-judgment interest.

**COUNT III**
**RECOVERY FOR RECORD KEEPING VIOLATIONS**
**PURSUANT TO THE NYLL**

55.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

56.     Defendant has willfully failed to supply Plaintiff and those similarly situated employees, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or similarly situated employees, as their primary language, containing Plaintiff's or employees similarly situated, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

57.     Defendant has willfully failed to supply Plaintiff and those employees similarly situated, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours

worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

58.     Due to Defendant's violations of the NYLL, Plaintiff and similarly situated employees, are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars each, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself, individually and on behalf of all other similarly situated persons, seeks the following relief:

b.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

c.    An award of liquidated damages as a result of Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

d.    An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

e.    One hundred dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

f.    Attorneys' fees and costs of the actions; and

g.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 25, 2014

Respectfully submitted,

<u>/s Jodi J. Jaffe</u>
Jodi J. Jaffe, Esq.
E-mail: jjaffe@JaffeGlenn.com
New York Bar No.: JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
Lawrence Office Park
168 Franklin Corner Road
Bldg. 2, Suite 220
Lawrenceville, NJ 08648
Telephone: (201) 687-9977
Facsimile: (201) 595-0308